IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON SANDEFORD,<br><br>           Plaintiff,<br><br>  v.<br><br>CHARLES PLUMMER, et al.,<br><br>           Defendants.<br>_____ | No. C 06-06794 SBA (PR)<br><br>**ORDER GRANTING DEFENDANT MORRISON'S MOTION FOR SUMMARY JUDGMENT**<br><br><br><br>(Docket No. 21) |

## INTRODUCTION

Plaintiff Napoleon Sandeford is a federal prisoner at who is proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983, in which he alleges that officers and employees of the Alameda County Sheriff's Department violated his constitutional rights.[1] Defendant Hal Morrison, a deputy sheriff of Alameda County, has filed a motion for summary judgment on the grounds that Plaintiff has failed to show that Defendant Morrison is a proper defendant in this action. Plaintiff has filed an opposition. For the reasons set forth below, the Court finds that Plaintiff has not shown that there are genuine issues as to any material fact as to his claims against Defendant Morrison. Accordingly, the Court GRANTS the motion for summary judgment, and terminates Defendant Morrison from this action.

## BACKGROUND

This action arises from Plaintiff's four-day suspension of privileges at the Glen E. Dyer Detention Facility in Oakland, California, a suspension resulting from an alleged disciplinary infraction. The following facts appear to be undisputed, unless otherwise noted. On December

---

[1] Plaintiff is currently housed at the United States Penitentiary in Leavenworth, Kansas. Though a federal prisoner, Plaintiff was housed for a time at a state detention facility as part of a contractual relationship between the two sovereignties. (MSJ at 10.)

31, 2005, Plaintiff allegedly threatened Defendant Morrison, who, in response, then filed a disciplinary report regarding the incident. Sergeant Wolf, Defendant's supervisor, approved Morrison's report, imposed a thirty-day suspension of Plaintiff's visiting and commissary privileges, and scheduled a hearing so that Plaintiff could contest Morrison's allegations. Owing to a supervisor's administrative error, however, Plaintiff never had a hearing. Sheriff officials acknowledged this mistake, decided to forgo holding a hearing, and reinstated Plaintiff's privileges. Plaintiff's visiting and commissary privileges were withdrawn on January 7, 2006, and were reinstated on January 11, 2006, a total of four days. (Compl., Supporting Facts at 2-5; Def. Morrison's Mot. for Summ. J. ("MSJ") at 8-12.) Plaintiff alleges that he missed two visiting opportunities during this time, while Defendants assert that Plaintiff missed one. (Compl., Supporting Facts at 4; MSJ, Decl. of Michael Harper ¶ 32.) Defendants aver that by submitting the disciplinary report, Morrison "satisfied all of [his] responsibilities and marked the conclusion of his role in this matter." (Id. ¶ 17.) Plaintiff alleges that he was denied due process by Defendants during this time.

This action also arises from Plaintiff's assertion that "[o]n July 21, 2005, Deputy Morrison tried to make [Plaintiff] eat a diet dinner tray that was opened, and the dinner meat was missing from the tray. Plaintiff refused to eat an unsecured meal. Plaintiff argues that he was on a no milk diet, not a no meat diet." (Am. Compl. at 1, 3.) Plaintiff asserts that he had requested an "Islamic diet" meal, one congruent with his Sunni Muslim faith. (Id. at 1.) Defendant Morrison avers in his declaration that on the date in question one of his "responsibilities was monitoring inmates . . . during their meals." However, Morrison's "responsibilities did not include food selection or preparation. I was in the presence of [Plaintiff] during his meal, but I had no control over, or responsibility for, the contents or quality of his food." (MSJ, Decl. of Hal Morrison ¶ 2.)

In sum, Plaintiff alleges in his first set of claims that Defendant Morrison violated his constitutional rights by failing to give him notice that he would receive an incident report, and by denying him the right to a hearing and his right to call witnesses to that hearing. In his second set

2

of claims, Plaintiff further alleges that Defendant Morrison tried to make Plaintiff eat a meal that was unfit for a Sunni Muslim.

## DISCUSSION

### I. Standards of Review

#### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that

precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

## II.     Analysis

Plaintiff alleges that Defendant Morrison violated his constitutional rights by failing to give him notice that he would receive an incident report, and by denying him the right to a hearing and his right to call witnesses to that hearing. (Am. Compl. at 3.)

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Furthermore, allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in Sandin v. Conner, 515 U.S. 472, 484 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

As to Plaintiff's first set of claims, the Court concludes that he has not shown evidence that precludes summary judgment on his claims against Defendant Morrison. More specifically, reading the record in a light most favorable to Plaintiff, he has not shown that his constitutional rights were violated when Defendant Morrison failed to give him notice that he later would receive an incident report. Plaintiff admits that he received a copy of the incident report, and, therefore, that he received notification that a hearing would be held. That Plaintiff received notice is all that due process requires. That Defendant Morrison allegedly failed to give notice to Plaintiff that he was to receive an incident report does not, on the facts before the Court, present

4

a claim under § 1983. Plaintiff also has not shown evidence that precludes summary judgment on his claim that Defendant Morrison had the authority to hold hearings, or the authority to prevent or allow Plaintiff to call witnesses to such a hearing, or that he had any role in a hearing other than filing an incident report and possibly being called to testify. On the other hand, Defendant Morrison has presented evidence that his role in disciplinary hearings does not extend beyond filing a report and being called to testify.

Furthermore, Plaintiff has not shown that the deprivation was of "real substance," as defined by Sandin. Plaintiff was denied commissary and visitation privileges for four days without the benefit of a prior hearing. Plaintiff has not shown evidence that precludes summary judgment on his claim that this rather short-lived deprivation was "atypical and significant" in the ordinary incidents of inmate life or that it will inevitably affect the duration of his sentence. Based on this record, the Court finds that Plaintiff has not presented evidence that precludes summary judgment. Accordingly, the Court GRANTS Defendant Morrison's motion for summary judgment as to this claim.

As to his remaining claim, other than conclusory allegations, Plaintiff also has not provided evidence that Defendant Morrison was responsible for the food he received. On the other hand, Defendant Morrison has submitted evidence that he was not responsible for preparing Plaintiff's food or that he was otherwise responsible for the allegedly offending meal. Accordingly, the Court GRANTS Defendant Morrison's motion for summary judgment as to this claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED as to all claims against Defendant Morrison. Judgment in Defendant Morrison's favor will enter at the conclusion of the case against the remaining Defendants. This order terminates Docket No. 21.

**IT IS SO ORDERED**.

DATED: February 25, 2009

_Saundra B Armstrong_

5

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NAPOLEON SANDEFORD,

        Plaintiff,

v.

CHARLES PLUMMER et al,

        Defendant.

Case Number: CV06-06794 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Napoleon Sandeford 97606-011
United States Penitentiary (USP) in Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

Dated: February 26, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Sandeford794.msj.md.wpd6