IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON SANDEFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES PLUMMER, et al.,<br><br>  Defendants.<br>_____/ | No. C 06-06794 SBA (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS AND GRANTING HIM ANOTHER BRIEF EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Plaintiff's "Motion to Demand Alameda County Jail for Pro Per Status and Defendants [sic] Discovery of Unknown Policies." For the reasons outlined below, Plaintiff's motion (docket no. 62) is GRANTED IN PART AND DENIED IN PART.

    The Court certifies that Plaintiff is proceeding pro per in federal civil rights proceedings, and requests that officials at the Alameda County Jail's legal access program provide Plaintiff "reasonable" access to the law library so that he may comply with the Court's orders. Accordingly, the portion of Plaintiff's "Motion to Demand Alameda County Jail for Pro Per Status and Defendants [sic] Discovery of Unknown Policies" relating to his pro per status (docket no. 62) is GRANTED.

    The other portion of Plaintiff's motion relating to Defendants' "discovery of unknown policies" is construed as Plaintiff's discovery requests; however, the Court finds that his requests are too broad. For example, Plaintiff requests "any and all policies, procedures, grievances and names of inmates who participated in 2005 Ramadan, also the 2 "imans" Islamic leaders . . . ." (Pl.'s Discovery Req. at 2-3.) Only when the parties have a discovery dispute that they cannot resolve

1  among themselves should they ask the Court to intervene in the discovery process.  The Court does
2  not have the time or resources to oversee all discovery and therefore requires that the parties present
3  to it only their very specific disagreements.  To promote this goal of addressing only very specific
4  disagreements, federal and local discovery rules require the parties to meet and confer to try to
5  resolve their disagreements before seeking court intervention.  See Fed. R. Civ. P. 37(a)(2)(B); N.D.
6  Cal. Local Rule 37-1.  Plaintiff may meet and confer with Defendants in writing.  If Plaintiff's
7  discovery requests are denied by Defendants and he intends to file a motion to compel, he need only
8  send a meet and confer letter to Defendants to that effect, offering them one last opportunity to
9  provide him with the sought-after information.  Because Plaintiff's discovery requests are overly
10 broad on their face and the parties have not exchanged meet and confer letters about them, Plaintiff's
11 motion to compel as to those requests (docket no. 62) is premature and is DENIED as such.

12     Also pending before the Court is Plaintiff's request to amend his complaint (docket no. 61).
13 The Court notes that on December 4, 2009, Defendants filed their Motion for Summary Judgment.
14 Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend as of right at any
15 time prior to the filing of a responsive pleading and thereafter only with leave of court.  Rule 15(a) is
16 to be applied liberally in favor of amendments and, in general, leave shall be freely given when
17 justice so requires.  Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  While mere
18 delay in seeking to amend is not grounds to deny amendment, leave need not be granted, where the
19 amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith,
20 constitutes an exercise in futility, or creates undue delay.  Id.; see also Roberts v. Arizona Bd. of
21 Regents, 661 F.2d 796, 798 (9th Cir. 1981) (district court's finding of prejudice to defendants
22 sufficient to deny amendment, because motion to amend came at eleventh hour, when summary
23 judgment pending and discovery period had closed, affirmed as proper exercise of district court's
24 discretion).  Here, Plaintiff's request to amend his complaint is ill-timed, coming after Defendants
25 filed their motion for summary judgment.  An amendment could also significantly widen the scope
26 of the complaint.  Plaintiff could have moved to amend at any time prior to the filing of the motion
27 for summary judgment but he did not do so.  Defendants would be substantially prejudiced by such
28 an amendment coming at the eleventh hour, when Defendants' motion for summary judgment is

1 pending and substantial delay would result if the amendment was granted. Furthermore, Plaintiff
2 has not demonstrated any reason for his late amendment. Accordingly, Plaintiff's request to amend
3 his complaint is DENIED.

4 Finally, Plaintiff requests a "[M]arch date to respond to [Defendants'] Motion for Summary
5 Judgment." (Pl.'s Jan. 7, 2010 Letter at 1.) The Court has previously granted Plaintiff an extension
6 of time in which to file his opposition to Defendants' motion. The Court finds that only a brief
7 extension is warranted; therefore, Plaintiff's request is GRANTED in part and DENIED in part. The
8 time in which Plaintiff shall file his opposition to Defendants' Motion for Summary Judgment will
9 be extended up to and including **February 15, 2010.**

10 If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after
11 the date Plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply
12 brief is due. No hearing will be held on the motion unless the Court so orders at a later date. The
13 Court will resolve the motion for summary judgment in a separate written Order.

14 **No further extensions of time will be granted in this case absent exigent circumstances**.
15 This Order terminates Docket nos. 61 and 62.
16 IT IS SO ORDERED.

17 DATED: 1/13/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
18 United States District Judge

P:\PRO-SE\SBA\CR.06\Sandeford6794.penMOTS&2ndEOToppn.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON SANDEFORD, | Case Number: CV06-06794 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CHARLES PLUMMER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Napoleon Sandeford AJQ254 / UJH289
Glen Dyer Facility
550 6th Street
Oakland, CA 94607

Dated: January 14, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Sandeford6794.penMOTS&2ndEOToppn.wpd