IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON SANDEFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES PLUMMER, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-06794 SBA (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S PENDING MOTION** |

    Before the Court is Plaintiff's "Motion Extending Time for Discovery." For the reasons outlined below, Plaintiff's motion (docket no. 64) is DENIED in part as unnecessary and also DENIED in part as premature.

    In this motion, Plaintiff claims that after he received Defendants' motion for summary judgment, he attempted to "uptain [sic] some for of discovery through the Freedom of Information Act from the Sheriff's Dept., to no avail." (Pl.'s Mot. at 1.) Plaintiff alleges that it is "almost impossible to argue facts on issue's [sic] you don't have information on, therefore [he is] motioning to Court to demand . . . discovery" because he is "without any documents of evidence not even [his] complaint against Defendants . . . ." (Id. at 2.) Plaintiff explains that his "discovery [requests] consist of Alameda Co. Sheriff Dept. Policy and Procedures reguarding [sic] religious holidays, staff repremanding [sic], grievance procedures, and a hearing on [his] grievances, also all 27 grievances and grievance responses, Plaintiff's complaint, chaplins [sic] dutys [sic], inmate service's duty, floor dupty [sic] sutys [sic] durning [sic] religious holidays, sheriff's dutys [sic], inmate service records for contracted volunteers in 2005 . . . ." (Id.)

    As mentioned above, also pending before the Court is Defendants' motion for summary judgment. The Court will resolve the motion for summary judgment in a separate written Order. The Court notes that attached as exhibits to Defendants' motion are some of the items listed as Plaintiff's discovery requests, including the policies and procedures as well as the grievances filed by Plaintiff that are relevant to the issues in the motion for summary judgment.

The record shows that Defendants sent Plaintiff copies of Defendants' motion and the exhibits when the motion was filed on December 4, 2009 and again on January 19, 2010. (Proof of Service re Defendants' Notice of Motion and Motion for Summary Judgment at 1; Second Proof of Service re Defendants' Notice of Motion and Motion for Summary Judgment at 2.) Furthermore, the Clerk of the Court has mailed copies of the original complaint and the amended complaint to Plaintiff. Accordingly, Plaintiff's "Motion Extending Time for Discovery" is DENIED in part as unnecessary because he should have received the aforementioned documents.

As to Plaintiff's remaining discovery requests, the Court has previously denied his requests as overly broad in its January 14, 2010 Order, stating:

> Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. The Court does not have the time or resources to oversee all discovery and therefore requires that the parties present to it only their very specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Plaintiff may meet and confer with Defendants in writing. If Plaintiff's discovery requests are denied by Defendants and he intends to file a motion to compel, he need only send a meet and confer letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

Here, similarly, because Plaintiff's remaining discovery requests are overly broad on their face and the parties have not exchanged meet and confer letters about them, Plaintiff's "Motion Extending Time for Discovery" relating to those requests is DENIED as premature.

The Court further notes that the briefing schedule in the Court's January 14, 2010 Order is still in place. **No further extensions of time will be granted in this case absent exigent circumstances**.

This Order terminates Docket no. 64.

IT IS SO ORDERED.

DATED: 1/20/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Sandeford6794.denyEOT2discovery.wpd

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

6  NAPOLEON SANDEFORD,                    Case Number: CV06-06794 SBA
7           Plaintiff,                    **CERTIFICATE OF SERVICE**
8       v.
9  CHARLES PLUMMER et al,
10          Defendant.
                                    /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Napoleon Sandeford AJQ254 / UJH289
Glen Dyer Facility
550 6th Street
Oakland, CA 94607

Dated: January 21, 2010
                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Sandeford6794.denyEOTdiscovery.wpd 3